**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 9/6/2023

Defendants request a stay pending Plaintiff's signature of medical releases that will allow them to fully investigate Plaintiff's complaint. Such releases are a routine part of cases such as this where a plaintiff alleges physical or mental injuries or otherwise inadequate medical care. *See, e.g.*, *Komatsu v. City of New York*, No. 20CV10942VECRWL, 2022 WL 1446545, at *8 (S.D.N.Y. Apr. 21, 2022), report and recommendation adopted, No. 20-CV-10942 (VEC), 2022 WL 2188170 (S.D.N.Y. June 17, 2022), appeal dismissed (Aug. 4, 2022) (collecting cases). Plaintiff is therefore directed to provide the necessary HIPAA release to Defendants, by October 5, 2023. Plaintiff is further cautioned that the failure to provide such releases may adversely impact his case and lead to sanctions such as dismissal under Federal Rules 37(b)(2)(A) and 41(b). *See, e.g.*, *Lebron v. Ramos*, No. 1:19-CV-2598-MKV, 2022 WL 2905171, at *1 (S.D.N.Y. July 21, 2022) (dismissing a case where a plaintiff failed to provide HIPAA releases). Defendants' deadline to respond to Plaintiff's complaint is hereby extended to December 4, 2023.

VIA ECF

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Bennett v. Porter, et al.</u>, 23 Civ. 3216 (VSB) (RWL)

Your Honor:

    I am an Assistant Corporation Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for the City of New York and New York City Health and Hospitals ("NYC H+H") in the above-captioned matter. I write to respectfully move this Court to order plaintiff to execute a copy of the medical releases necessary for defendants to respond to his allegations of inadequate medical treatment by October 5, 2023, thirty days from the date of this letter. I further request that the Court extend all defendants deadline to answer until sixty days after these releases' receipt, such that this deadline would be adjourned from today to December 4, 2023.[1] This is the second request to modify the deadline at issue, and, because plaintiff is incarcerated, I write without knowledge of his position.

    Plaintiff filed his complaint on April 17, 2023, alleging that he has received inadequate mental healthcare while in DOC custody at the Anna M. Kross Center during his pretrial detention. (<u>See</u> ECF No. 1). Specifically, he claims to suffer from mental health issues which have gone unaddressed by DOC officials, including Captain Tolliver and NYC H+H-defendant "Ms. Porter," during his pretrial detention. Due to the nature of plaintiff's allegations, defendants require an executed HIPAA form to adequately respond to the allegations of inadequate medical care he brings here, as explained in defendants' July 6, 2023 extension request. (<u>See</u> ECF No. 14). This release has twice been sent to plaintiff—once, on May 18, 2023, and then again

---

[1] For reasons explained more fully below, the City respectfully requests the Court grant this relief *sua sponte* as to defendants Tolliver and Porter pending its final representation decision.

contemporaneous with defendants' previous extension request, on July 6, 2023. However, plaintiff has not returned an executed copy to date.

   This Office require the medical releases at issue to adequately respond to plaintiff's allegations in accordance with the due diligence requirements laid out in Fed. R. Civ. P. 11(b), as the City is unable to address the degree and frequency of plaintiff's medical attention without the protected information that remains inaccessible without execution of the same. Accordingly, this extension request satisfies the "good cause" standard to modify the deadline at issue. See Fed. R. Civ. P. 6(b)(1)(A). This City is also unable to fully make a representation determination as to the individual defendants in accordance with its investigatory duties imposed by state law without examination of these underlying documents. See Gen. Mun. Law § 50-k.

   To avoid further delays in these proceedings, I respectfully propose that the Court order plaintiff to execute a copy of the release, which I will send contemporaneously with this letter, no later than thirty days from today, on October 5, 2023. Should plaintiff comply, defendants' deadline to answer would be set sixty days thereafter, on December 4, 2023. In the event of plaintiff's noncompliance, the City would be prepared to apprise the Court of his failure and its intended next steps, including but not limited to moving for dismissal under Fed. R. Civ. P. 41(b), by October 5, 2023.

   Accordingly, I respectfully request the Court order plaintiff to execute and return a signed HIPAA release to this Office no later than October 5, 2023, and that defendants' deadline to respond to plaintiff's complaint be extended to sixty days thereafter, on December 4, 2023.

   Thank you for your consideration herein.

Respectfully submitted,

/s/ Luca Difronzo

Luca Difronzo
Attorney for the City of New York
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2354

cc: **VIA POSTAL MAIL**
  Dontae Bennett
  NYSID: 12622688Z
  B&C: 2412300080
  Anna M. Kross Correctional Facility
  18-18 Hazen Street
  East Elmhurst, NY 11370