```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DONTAE BENNETT,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :         23-CV-3216 (VSB)
              -against-                                     :
                                                            :              ORDER
MS. PORTER, CAPTAIN TOLIVER, NYC                            :
HEALTH + HOSPITALS, and CITY OF NEW                         :
YORK,                                                       :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

Dontae Bennett, incarcerated and proceeding pro se, filed this action on April 17, 2023, alleging that he received inadequate mental health treatment while in custody at the Anna M. Kross Center during his pretrial detention. (Doc. 1.) On July 6, 2023, I extended the deadline for all Defendants to respond to Bennett's Complaint. (Doc. 14.) Two months later, Defendants submitted a letter advising that, to investigate the allegations in the Complaint, they needed Bennett to sign medical releases. (Doc. 15.) Because such releases are a routine part of cases, like this one, where the plaintiff alleges inadequate medical care, *see Komatsu v. City of New York*, No. 20-cv-10942, 2022 WL 1446545, at *8 (S.D.N.Y. Apr. 21, 2022), *report and recommendation adopted*, No. 20-CV-10942, 2022 WL 2188170 (S.D.N.Y. June 17, 2022), *appeal dismissed* (Aug. 4, 2022), I directed Bennett to provide the necessary releases to Defendants by October 5, 2023. (Doc. 16.) The order warned Bennett that failure to sign the releases may lead to sanctions, including dismissal of his case, under Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b). (*Id.*)

The Clerk of Court subsequently mailed the order to Bennett, but the mailing was returned to the Court for the following reason: "RTS - NO SUCH NUMBER - UNABLE TO FORWARD."

In light of the failed delivery, I issued another order (1) directing Defendants to mail copies of the medical releases to Bennett by December 8, 2023, and (2) ordering Bennett to return the signed copies of the releases by January 5, 2024. (Doc. 19.) Like the prior order, this order cautioned Bennett that his failure to comply would result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) Again, the mailing was returned to the Clerk of Court as undeliverable, this time with the following message: "Inmate not in System."

The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs." *Alomar v. Recard*, No. 07-cv-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (internal quotation marks omitted); *see also English v. Azcazubi*, No. 13-cv-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) (explaining that "when a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address."). Where, as here, a pro se litigant fails to keep the Court apprised of his current mailing address, "the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Mercedes v. N.Y. D.O.C.*, No. 12-cv-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013).[1]

---

[1] Although Defendants filed a motion to dismiss for failure to prosecute on the ground that Bennett has not complied with my order to sign the medical releases, (Doc. 17), I need not reach that issue because Bennett's address has apparently changed without notice.

Accordingly, Bennett's claims are dismissed without prejudice pursuant to Rule 41(b).

The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated: January 16, 2024
New York, New York

_____
VERNON S. BRODERICK
United States District Judge